```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


LINDA SAMPSON, ET AL.                                    PLAINTIFFS

VS.                           CIVIL ACTION NO. 5:15-cv-84(DCB)(MTP)

PANGBORN CORPORATION, ET AL.                             DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This case is before the Court on the plaintiffs' Motion to Remand **(docket entry 2)**. On September 3, 2015, defendants Lone Star Industries, Mine Safety Appliances Company, and Mississippi Silica Company ("the removing defendants") filed a Notice of Removal of this case from the Circuit Court of Jefferson County, Mississippi. The removing defendants claim that although this case was filed in the state court on October 20, 2014, it only became removable on August 7, 2015, "when Defendants received documents evidencing Plaintiffs' unequivocal and unconditional voluntary abandonment of their claims against all parties except the three (3) remaining Defendants, all of whom are diverse." (Notice of Removal, ¶ 9).

In their motion to remand, the plaintiffs assert that defendant E.D. Bullard Company ("Bullard") "is not a nominal defendant" (Motion to Remand, ¶ 3), that they have not abandoned their claims against Bullard, and that there are, therefore, four (4) remaining defendants in the case. The plaintiffs further assert that Bullard's failure to consent to or join in the Notice

of Removal, as required by the "rule of unanimity," creates a defect in the Notice of Removal. (Motion to Remand, ¶¶ 3-4).

Consent of all co-defendants who have been properly served is required for removal. See Eagle Capital Corp. v. Munlake Contractors, Inc., 2012 WL 568701, *2 (S.D. Miss. Feb. 21, 2012)(citing Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992)). The Fifth Circuit recognizes three exceptions to the rule of unanimity: "(1) improperly or fraudulently joined defendants; (2) nominal or formal parties; and (3) defendants who have not been served by the time of removal." Eagle Capital, 2012 WL 568701 at *2 (internal citations omitted). The third exception is not applicable inasmuch as Bullard has been properly served. Nor do the removing defendants argue that Bullard was improperly or fraudulently joined.

The removing defendants contend that "Bullard is a nominal party against whom 'there is no possibility that the plaintiff would be able to establish a cause of action ... in state court.'" (Defendants' Memorandum, pp. 1-2)(quoting Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1992)). The removing defendants further claim:

> Plaintiffs have long abandoned any claims against Bullard in this case. Before filing their Motion to Remand, Plaintiffs demonstrated a lack of claims against Bullard by both failing to procure testimony from their fact witnesses to establish that Rivers Sampson used a Bullard product, and by failing to obtain expert opinion

> testimony to establish a defect in any Bullard product. They further omitted any claims against Bullard in their pretrial filings on August 7, 2015.

(Defendants' Memorandum, p. 2).

"A nominal party or formal party has been described as one 'with no assets or one that does not actively engage in business,' or as one against whom 'no reasonable basis [exists] for predicting that it will be held liable.'" Mayes v. Moore, 367 F.Supp.2d 919, 921-22 (M.D. N.C. 2005)(quoting Egle Nursing Home, Inc. v. Erie Ins. Group, 981 F.Supp. 932, 933 (D. Md. 1997); Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993)).  The removing defendants do not show that Bullard is without assets or not actively engaged in business.  Instead, they assert that the plaintiffs have demonstrated a lack of claims against Bullard by failing to show that the plaintiffs' decedent, Rivers Sampson, used a Bullard product.

The plaintiffs contend, to the contrary, that they have pled use of a Bullard product by Rivers Sampson, and that they have supported their pleadings by discovery in the case. (Plaintiffs' Rebuttal, p. 3).  Furthermore, the plaintiffs show that at the time of removal, the deadline for pretrial filings had not run, and the plaintiffs had therefore not completed their pretrial filings concerning defendant Bullard. (Plaintiffs' Memorandum, pp. 4-5).

"[T]he federal removal statutes are to be construed strictly against removal and for remand."  Gillis v. Great Atlantic &

Pacific Tea Co., Inc., 153 F.Supp.2d 883, 884-885 (S.D. Miss. 2001).  "In considering disputes concerning jurisdiction, a district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear."  Smith v. Union Nat. Life Ins. Co., 187 F.Supp.2d 635, 638 (S.D. Miss. 2001)(internal quotation and citation omitted).  "A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper."  Id.

In this case, the removing defendants have failed to meet their burden of showing that Bullard is merely a nominal party.  Bullard therefore should have consented to or joined in the Notice of Removal, and its failure to do so, as required by the "rule of unanimity," creates a defect in the Notice of Removal.  The Court shall therefore grant the Motion to Remand.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand **(docket entry 2)** is GRANTED.

A separate Order of Remand, remanding this case to the Circuit Court of Jefferson County, Mississippi, shall be entered this date.

SO ORDERED, this the 14th day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT COURT

4